UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JESSE HIGGINS,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:24-CV-05049-RAL<br><br><br>OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE |

Petitioner Jesse Higgins filed a pro se motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Doc. 1. For the reasons below, his motion is denied.

**I.   Factual and Procedural Background**

Higgins pled guilty to possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g), and on January 24, 2020, Higgins was sentenced to 24 months of imprisonment to run "consecutive to the undischarged sentence in South Dakota state case 51CRI18-001941."[1] CR Doc. 47 at 1–2. Higgins appealed and the United States Court of Appeals for the Eighth Circuit dismissed his appeal for failure to prosecute. CR Doc. 58. Higgins filed the present petition on July 1, 2024, asserting that he agreed to plead guilty because his lawyer told him that the sentencing judge "always goes with the [prosecutor's] recommendation" and that the prosecutor would recommend a two-year sentence to run concurrent with his state sentence. Doc. 1 at 5. Higgins

---

[1] Documents from Higgins's underlying criminal case will be cited as "CR" followed by the Case Management/Electronic Case File docket number.

also seeks to correct his sentence because he does not believe he was given full credit for time served in custody prior to sentencing. Id. at 6.

Magistrate Judge Daneta Wollmann issued an order to show cause why Higgins's petition should not be dismissed as untimely, since it was filed beyond the one-year limitation period under § 2255(f). Doc. 5. The United States filed a response, asserting that Higgins's petition is untimely and that equitable tolling does not apply. Doc. 5. Higgins did not respond, but instead left a voice message with the United States Attorney's Office. Doc. 7. The United States provided the Clerk of Court an audio file of Higgins's voice message. Therein, Higgins mistakenly believed that Assistant United States Attorney Kevin Koliner was assigned as his counsel. Higgins stated that he filed the motion pro se while in county jail and that he did not "really understand what [he] was filling out." Doc. 7-1 at 0:28. He then stated that "if this is going to require [him] to come back . . . and fight this whole case over again," he would want to "cancel [his § 2255] motion." Id. at 0:38–0:45. Assistant United States Attorney Koliner did not respond to Higgins but forwarded the message to the Federal Public Defender's Office, who declined to reach out to Higgins. Doc. 7 ¶¶ 3–4. Higgins remains self-represented in this case.

**II.   Discussion**

Motions under § 2255 are subject to a one-year statute of limitation that runs from the latest of four specified dates:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental inaction in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Higgins has not alleged facts applicable to subsections two, three, or four, so the limitations period for Higgins began to run from the date on which his judgment of conviction became final. A judgment of conviction is deemed final "where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed." United States v. Johnson, 457 U.S. 537, 543 n.8 (1982) (citation omitted); see also Clay v. United States, 537 U.S. 522, 527 (2003) (stating that "[f]inality attaches when the [Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). The time for filing a petition for writ of certiorari expires ninety (90) days after entry of the Court of Appeals' judgment. Clay, 537 U.S. at 525.

  Higgins appealed his conviction, and on April 29, 2020, the Eighth Circuit dismissed Higgins's appeal for failure to prosecute. CR Doc. 58. Higgins did not appeal to the Supreme Court. His conviction become final 90 days later on July 28, 2020. Accordingly, the deadline for filing a habeas petition was July 28, 2021. Higgins, however, did not file the present petition until July 1, 2024—nearly three years after limitations period had expired.

  Although Higgins's petition is untimely, the one-year limitation period is not jurisdictional, so this Court must still determine whether he is entitled to equitable tolling. See Odie v. United States, 42 F.4th 940, 946 (8th Cir. 2022). Equitable tolling is a narrow exception to the limitation period. Id. "To receive the benefit of equitable tolling, a litigant must demonstrate both that some extraordinary circumstance prevented him from filing a timely motion and that he diligently pursued his rights before filing." United States v. Mendez, 860 F.3d 1147, 1151 (8th Cir. 2017). While a petitioner need not act with maximum diligence to be entitled to equitable tolling, he still

must act with "reasonable diligence." <u>Muhammad v. United States</u>, 735 F.3d 812, 816 (8th Cir. 2013). "[D]iligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest in challenging the prior conviction . . . ." <u>Deroo v. United States</u>, 709 F.3d 1242, 1246 (8th Cir. 2013) (citation omitted).

Higgins asserts in his petition that his "federal appeal was lost in the system from 2021 while [he] was at Mike Durfee State Prison." Doc. 1 at 5. He states that he "checked in on it" and was told "everything is backed up from covid [sic] and it's still pending." <u>Id.</u> Higgins's petition indicates he believes the appeal is still being considered. <u>Id.</u> These claims, however, do not warrant equitable tolling. When ordered to show cause why his petition should be considered despite being untimely, Higgins did not submit a response demonstrating he acted with reasonable diligence. Higgins also did not explain what "extraordinary circumstance" prevented him from knowing his appeal had been dismissed and his judgment had become final. <u>Mendez</u>, 860 F.3d at 1151. He instead informed the United States Attorney's Office that he may wish to withdraw his motion. Doc. 7-1. Because he has not shown extraordinary circumstances preventing him from timely filing nor reasonable diligence in pursuing his rights, equitable tolling is not available, and Higgins's petition must be dismissed as untimely.

### III.   Certificate of Appealability

A prisoner is entitled to an evidentiary hearing on a § 2255 motion unless the motion, files, and records of the case conclusively show that the prisoner is not entitled to relief. 28 U.S.C. § 2255; <u>Engelen v. United States</u>, 68 F.3d 238, 240 (8th Cir. 1995). A § 2255 motion can thus be dismissed without a hearing if (1) the prisoner's allegations, accepted as true, would not entitle the prisoner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. <u>Engelen</u>, 68

F.3d at 240. For the reasons explained above, the motion, files, and records in this case conclusively show that Higgins is not entitled to relief.

When, as here, a district court denies a § 2255 motion, the movant may not appeal without a certificate of appealability. District courts cannot issue a certificate of appealability unless the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" means a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also id. (explaining that the question when a district court denies a habeas petition on procedural grounds is whether "jurists of reason would find" the district court's procedural ruling debatable). This Court declines to issue a certificate of appealability because Higgins has neither made a substantial showing of the denial of a constitutional right nor shown that the procedural bars present here are debatable.

### IV. Conclusion

For the above reasons, it is hereby

ORDERED that Higgins's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Doc. 1, is denied.

DATED this 27th day of May, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

5